UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br>Plaintiff,<br>v.<br>JOSEPH B. EDLOW, et al.,<br>Defendants. | Case No. 26-cv-12530-EKL<br><br>**ORDER GRANTING MOTION TO PROCEED BY PSEUDONYM**<br><br>Re: Dkt. No. 5 |

In this immigration mandamus case, Plaintiff – an asylum-seeker – requests to proceed by pseudonym as "Jane Doe" to avoid disclosing information that could cause retaliation against her and her family based on her political activity. Mot., ECF No. 5. Having carefully reviewed the record and the relevant authority, the Court finds this matter suitable for disposition without oral argument. *See* Civil L.R. 7-1(b). For the following reasons, the Court GRANTS the motion.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est*., 596 F.3d 1036, 1042 (9th Cir. 2010). However, parties may "proceed anonymously when special circumstances justify secrecy." *See Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000) (collecting cases). Parties may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *See id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). When a party seeks to proceed anonymously for fear of retaliation, courts evaluate: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id*. at 1068 (citations omitted). Ultimately, a court may permit a party to proceed anonymously "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*.

United States District Court
Northern District of California

Plaintiff has demonstrated that she reasonably fears and is vulnerable to severe retaliation if her identity is disclosed. Plaintiff fled her country of origin after participating in "nationwide protests against the government, during which [she] was personally threatened, physically attacked, and interrogated by government enforcement officials." Pl. Decl. ¶ 3, ECF No. 6. Plaintiff's mother was also threatened because of Plaintiff's participation in the protests. *Id.* Plaintiff seeks to proceed by pseudonym to protect herself – in the event she is forced to return to her country of origin – and "for the safety of [her] family members who remain there." *Id.* Plaintiff further attests that the government against which she protested "actively surveils and retaliates against nationals living abroad who are known to have criticized it." *Id.* ¶ 4. Thus, Plaintiff and her family may face retaliation if her identity or the facts underlying her asylum claim are disclosed. *Id.* "Retaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously." *A.O.M. v. Edlow*, No. 2:26-cv-01274-DGE, 2026 WL 1741326, at *2 (W.D. Wash. June 17, 2026) (citation modified). Indeed, "courts regularly grant leave to proceed under a pseudonym in cases related to asylum proceedings." *Doe v. Andrews*, No. 1:25-cv-00333-JLT-HBK (HS), 2025 WL 1531684, at *1 (E.D. Cal. May 28, 2025) (collecting cases). Therefore, Plaintiff has shown a compelling need for anonymity.

The Court will permit Plaintiff to proceed by pseudonym because, at this stage of the litigation, Plaintiff's need for anonymity outweighs the risk of prejudice to Defendants and the public's interest in knowing her identity. Defendants will not be prejudiced at this stage because Plaintiff seeks to proceed by pseudonym in court filings and appearances only; she "does not seek to conceal her name from Defendants." Mot. at 4. Additionally, at this early stage, the public does not have a strong interest in knowing Plaintiff's identity. The complaint raises narrow claims relating to Defendants' alleged delay in adjudicating Plaintiff's application for asylum and withholding of removal. Compl. ¶¶ 1-4, ECF No. 1. Given the limited scope of these claims, which are fact-specific and particular to Plaintiff, it is unlikely that this case will have "widespread implications" relevant to the public interest. *Advanced Textile Corp.*, 214 F.3d at 1072. In any event, the public will have access to the Court's rulings, and protecting Plaintiff's identity will not

"obstruct public scrutiny" of those rulings. *Id.* Finally, the public "has an interest in seeing this case decided on the merits." *Id.* at 1073. In that regard, permitting Plaintiff to proceed by pseudonym "will serve the public's interest in this lawsuit by enabling it to go forward." *Id.*; *see also* Pl. Decl. ¶ 5 (representing that Plaintiff "will be unable to pursue this action" if forced to use her real name).

Accordingly, the Court GRANTS the motion. Plaintiff may continue to identify herself in this action using the pseudonym "Jane Doe." All public filings on the docket may reference Plaintiff using only her pseudonym, and no party may publicly disclose her identity. By November 20, 2026, Plaintiff's counsel shall file with the Court, and serve upon opposing counsel, a document under seal that reveals Plaintiff's true name. *See* Proposed Order, ECF No. 7. This Order does not prejudice the right of Defendants – who have not yet appeared – to later move to reveal Plaintiff's identity. The Court may reconsider this Order as the litigation progresses, as appropriate. *See Advanced Textile*, 214 F.3d at 1069 (recognizing that "the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses"); *see also Doe #1 v. Palo Alto Unified Sch. Dist.*, No. 25-cv-02120-EKL, 2025 WL 1900329, at *2 (N.D. Cal. May 8, 2025).

**IT IS SO ORDERED.**

Dated: November 13, 2026

EUMI K. LEE
United States District Judge